UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| KORY McCLARY, | : | CIV. NO. 20-14647 (RMB) |
| Petitioner | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| BRUCE DAVIS AND THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : | |
| Respondents | : | |

    Petitioner, Kory McClary, a prisoner incarcerated in New Jersey State Prison, in Trenton, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1). Petitioner would like to amend his petition to add unexhausted claims that he wishes to present to the state courts in a second post-collateral review petition ("PCR"), and seeks advise on his procedural options. (Letter, Dkt. No. 7.) First, Petitioner should present all of his habeas claims in an amended petition to avoid the potential that newly added claims are barred by the one-year habeas statute of limitations in 28 U.S.C. § 2254(d).[1] Second, pursuant to Rose v. Lundy, 455 U.S. 509, 522 (1982), this Court must dismiss a mixed petition, a petition that contains exhausted and unexhausted claims. Petitioner, therefore, must choose how he would like to proceed.

---

[1] The Court makes no ruling at this time on the timeliness of the habeas petition filed in this Court.

28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In 1982, the Supreme Court held that § 2254 requires total exhaustion of available state court remedies before a habeas court may address a state prisoner's federal claims. Lundy, 455 U.S. at 522. In Rhines v. Weber, after legislative changes were made to federal habeas corpus proceedings, the Supreme Court revisited the total exhaustion rule. 544 U.S. 269 (2005). The new one-year habeas statute of limitations presented a problem with total exhaustion of state remedies. Id. at 275. For example, if a petitioner filed a timely mixed petition in federal court but the district court dismissed the mixed petition for failure to exhaust after the one-year limitations period expired, this would "likely mean the termination of any federal review." Id.

Petitioner is presented with this same problem. If he withdraws his entire habeas petition until he exhausts all of his federal claims, the statute of limitations will bar him from returning to federal court. The Supreme Court in Rhines recognized

2

that districts court have the authority to stay a petition and hold it an abeyance while a state prisoner exhausts his state remedies. Id. at 275-76.

There are, however, conditions upon which a district court may grant a stay and abeyance. First, the court must determine whether there was good cause for the petitioner's failure to first exhaust his claims in state court. Id. at 277. Second, the district court must determine whether the unexhausted claims are plainly meritless, in which case it should not grant a stay. Rhines, 544 U.S. at 277. If a stay is appropriate, it must be limited to the time needed to exhaust claims in the state court. Id. at 277-78.

In the alternative to seeking a stay and abeyance, Petitioner may withdraw his unexhausted claims and proceed only on his exhausted claims. If Petitioner chooses this option, he should be advised that both the statute of limitations and the limitation on second or successive habeas petitions in 28 U.S.C. § 2244(b)(3), (d) may preclude Petitioner from bringing any additional habeas claims at a later date.

**IT IS** on this **26th day of April 2021**,

**ORDERED** that the Clerk shall reopen this matter; and it is further

**ORDERED** that, within 30 days of the date of this Order, Petitioner may file an amended petition that contains all of his exhausted and unexhausted claims; Petitioner shall also submit a writing to the Court in which he either (1) withdraws his

3

unexhausted habeas claims and states he would like to proceed with his habeas petition at this time; or (2) submits a motion for a stay and abeyance of his habeas petition to Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order and a blank form "Petition for Relief From a Conviction or Sentence By a Person in State Custody Under 28 U.S.C. 2254" on Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
